

# IN THE
# Court of Appeals of Indiana

In the Matter of W.H., K.S., and R.R., Minor Children
Alleged to be Children in Need of Services;

S.H. (Mother) and C.R. (Father),

*Appellants-Respondents*



FILED

Aug 05 2026, 9:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

Indiana Department of Child Services,

*Appellee-Petitioner*

and

Kids' Voice of Indiana,

*Appellee-Guardian Ad Litem*

---

August 5, 2026

Court of Appeals Case No.
26A-JC-109

The Honorable Geoffrey A. Gaither, Judge

Trial Court Cause Nos.
49D09-2506-JC-6123
49D09-2506-JC-6131
49D09-2506-JC-6133

---

**Opinion by Chief Judge Tavitas**
Judges Bradford and Felix concur.

**Tavitas, Chief Judge.**

## Case Summary

[1] S.H. ("Mother") and C.R. ("Father") (collectively, "Parents") appeal the trial court's dispositional order regarding their three children, who were adjudicated children in need of services ("CHINS"). Parents argue that the trial court erred by denying their joint motion to dismiss after the trial court failed to complete the dispositional hearing within the thirty-day statutory deadline. We agree that the deadline is mandatory, the dispositional hearing was untimely, and the trial court was required to dismiss the CHINS proceedings without prejudice. Accordingly, we reverse and remand.

## Issue

[2] Parents jointly raise one dispositive issue, which we restate as: whether the trial court erred by denying Parents' motion to dismiss the CHINS proceedings.

## Facts

Mother is the parent of W.H., K.S., and R.R. ("Children"), who were twelve years old, three years old, and one year old, respectively, when the underlying proceedings began. Father is the biological father of K.S. and R.R. On June 6, 2025, the Indiana Department of Child Services ("DCS") received a report alleging that Mother had attempted suicide and been admitted to a mental health facility and that, while the Children were in Father's care, relatives discovered bruising on W.H. On June 19, 2025, DCS filed petitions alleging that the Children were CHINS, and Children were placed outside of Parents' care. W.H. was placed in relative care with a family friend, and K.S. and R.R. were placed in foster care.

On October 17, 2025, the trial court held a fact-finding hearing. Mother admitted the allegation that the Children were CHINS, and Father waived his right to contest. The trial court adjudicated the Children to be CHINS. The chronological case summary ("CCS") reflects the October 17, 2025, adjudication. The trial court ordered the Children placed with their paternal grandfather, ordered DCS to prepare and file a predispositional report, and set the dispositional hearing for November 14, 2025. The trial court's written order reflecting the earlier CHINS adjudication was issued on October 30, 2025.

The dispositional hearing did not occur on November 14, 2025, because court staff failed to place the matter on the trial court's calendar. On November 17, 2025, counsel for DCS noticed that the hearing had not occurred, contacted court staff and counsel for the parties by email, and requested that the

dispositional hearing be set as soon as possible. The trial court set the hearing for November 21, 2025.

[6] On November 18, 2025, Parents filed a joint motion to dismiss the CHINS proceedings. Parents alleged that, under Indiana Code Section 31-34-19-1(a), the thirty-day period for completing the dispositional hearing "elapsed on November 16, 2025," and that "November 21, 2025," would be "the 35th day after the court found that the children were in need of services." Mother's App. Vol. II p. 228; Father's App. Vol. II p. 228. Parents requested that the trial court dismiss the cases without prejudice and vacate the CHINS adjudications pursuant to Indiana Code Section 31-34-19-1(b).

[7] On November 19, 2025, DCS filed pre-dispositional reports and, on November 20, 2025, filed an objection to Parents' motion to dismiss. DCS argued that the failure to hold the November 14, 2025 hearing was an administrative error not attributable to any party; that Parents alleged no prejudice and did not seek to rescind their agreement that the Children were CHINS; that Parents had already begun the services identified in the pre-dispositional reports; that the trial court had authority under Indiana Trial Rule 7 to grant continuances for "[c]ause"; and that dismissal would be contrary to the Children's best interests. Mother's App. Vol. III pp. 36-38; Father's App. Vol. III pp. 36-38.

[8] On November 21, 2025, the trial court held a combined hearing on Parents' motion to dismiss and disposition. Mother's counsel argued that Indiana Code Section 31-34-19-1(a) requires the trial court to complete a dispositional hearing

"not more than thirty days after" the CHINS finding and that "the remedy for going past this statutory timeline is dismissal." Tr. Vol. II p. 36. Father's counsel joined the motion and quoted Indiana Code Section 31-34-19-1(b), which provides that, upon the filing of a motion, "the Court shall dismiss the case without prejudice." *Id*. The trial court observed: "And that's not may, that's shall. That means must." *Id*.

[9] Father's counsel further argued that Trial Rule 53.5, upon which the authorities cited by DCS relied, was repealed and replaced by Trial Rule 7(D); that Trial Rule 7(D) "revolves around motions for a continuance made by parties" and does not permit the trial court to find good cause "sua sponte absent a motion by a party"; and that no party had filed a motion for a continuance. *Id*. at 37-38. DCS reiterated the arguments in its written objection to Parents' joint motion to dismiss. DCS also argued that, had the error been discovered before November 14, 2025, it would have requested a continuance. *Id*. at 40.

[10] The trial court denied the motion to dismiss, stating:

> I don't . . . interpret the statute as an automatic dismissal even though that seems to . . . go against what the plain language of the statute says. And I imagine that the Court of Appeals will get an opportunity to review the actions of the Court on this matter and then perhaps we'll get some clarity. But I'm going to deny your motion and proceed to disposition . . . .

Tr. Vol. II p. 43. The trial court then proceeded to disposition. That same day, the trial court issued a written order denying Parents' motion to dismiss.[1] On

---

[1] Father's appendix contains one version of the trial court's order, while Mother's appendix contains a different version. In Father's appendix, the written order appears to have been prepared from a proposed order granting the motion to dismiss. The words "Denying," "denies," and "denied" appear superimposed over the words "GRANTING," "GRANTS," and "GRANTED," respectively. That copy, however, also retains two paragraphs from the proposed order stating that the CHINS adjudication entered on October 17, 2025, "is VACATED" and that the case "is hereby DISMISSED without prejudice." Father's App. Vol. III p. 65. A copy of the same order in Mother's Appendix does not contain those two paragraphs. Mother's App. Vol. III p. 65. Father argues that the substance of an order controls over its caption and that, because the paragraphs of the order in his appendix purport to vacate the CHINS adjudications and dismiss the case without prejudice, the trial court in substance granted the motion to dismiss. Father's Appellant Br. pp. 15-16.

We agree with Father that substance controls over caption, but the substance of this order was a denial. A trial court speaks through its CCS. *State v. Harper*, 135 N.E.3d 962, 973 (Ind. Ct. App. 2019). The CCS in case number 49D09-2506-JC-6133 reflects that the trial court denied the motion. Father's App. Vol. II p. 29; Mother's App. Vol. II p. 29. The denial was also pronounced from the bench. Tr. Vol. II p. 43. We do not condone, however, the careless editing that produced a self-contradictory order and two conflicting versions of the same order.

## ORDER GRANTING/DENYING MOTION TO DISMISS

COMES NOW the Court on the Motion to Dismiss the CHINS Cases filed by Respondents Spring Hammond and Corey Rutledge. The Court, having reviewed the Motion, the relevant statutory provisions, and being otherwise duly advised, GRANTS/DENIES the Motion.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. The Motion to Dismiss the above-captioned CHINS cases is hereby GRANTED/DENIED.
2. The CHINS adjudication entered on October 17, 2025, is VACATED.
3. The above-captioned case is hereby DISMISSED without prejudice.

11/21/2025
SO ORDERED _____.

The Honorable Geoffrey A. Gaither
Judge, Marion County Superior Court

Father's App. Vol. III p. 65.

December 18, 2025, the trial court entered its dispositional order, which provided that the Children "shall remain in their current home or placement, with supervision by DCS"; awarded wardship of the Children to DCS "with responsibility for supervision, care and placement"; and ordered Parents to participate in a program of services consistent with the recommendation of DCS.  Mother's App. Vol. III pp. 94-99; Father's App. Vol. III pp. 94-99. Parents now appeal.

---

### ORDER ~~DENYING~~ MOTION TO DISMISS

COMES NOW the Court on the Motion to Dismiss the CHINS Cases filed by Respondents Spring Hammond and Corey Rutledge. The Court, having reviewed the Motion, the relevant statutory provisions, and being otherwise duly advised, Denies the Motion.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. The Motion to Dismiss the above-captioned CHINS cases is hereby denied.

11/21/2025
SO ORDERED _____.

The Honorable  Geoffrey A. Gaither
Judge, Marion County Superior Court

Mother's App. Vol. III p. 65.

## Discussion and Decision

### Standard of Review

Parents challenge the denial of their joint motion to dismiss the CHINS actions because of the untimely dispositional hearing. "It is well established that a trial court's denial of a motion to dismiss is reviewed only for an abuse of discretion." *Study v. State*, 24 N.E.3d 947, 950 (Ind. 2015). "An abuse of discretion occurs when the court's decision either clearly contravenes the logic and effect of the facts and circumstances or misinterprets the law." *Nardi v. King*, 253 N.E.3d 1098, 1103 (Ind. 2025).

Parents' argument requires that we interpret the statute governing the time frame for completing a CHINS dispositional hearing. "Matters of statutory interpretation present pure questions of law and are thus reviewed *de novo*." *Matter of E.T.*, 152 N.E.3d 634, 639 (Ind. Ct. App. 2020) (citing *Matter of M.S.*, 140 N.E.3d 279, 282 (Ind. 2020)), *trans. denied*. "In interpreting a statute, our goal is to determine and give effect to the intent of our legislature." *Matter of J.S.*, 130 N.E.3d 109, 111-12 (Ind. Ct. App. 2019) (citing *State v. Int'l Bus. Mach. Corp.*, 964 N.E.2d 206, 209 (Ind. 2012)). "We 'consider the objects and purposes of the statute as well as the effects and repercussions of' our interpretation." *Id*. at 112 (quoting *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003)). "When legislative intent has been ascertained, 'it will prevail over the literal import and the strict letter of the statute.'" *Id*. at 113 (quoting *Int'l Bus. Mach. Corp.*, 964 N.E.2d at 209).

[13]    Indiana Code Section 31-34-19-1 provides:

> (a) The juvenile court shall complete a dispositional hearing **not more than thirty (30) days** after the date the court finds that a child is a child in need of services to consider the following:
>
>> (1) Alternatives for the care, treatment, rehabilitation, or placement of the child.
>>
>> (2) The necessity, nature, and extent of the participation by a parent, a guardian, or a custodian in the program of care, treatment, or rehabilitation for the child.
>>
>> (3) The financial responsibility of the parent or guardian of the estate for services provided for the parent or guardian or the child.
>>
>> (4) The recommendations and report of a dual status assessment team if the child is a dual status child.
>
> (b) If the dispositional hearing is not completed in the time set forth in subsection (a), upon a filing of a motion with the court, the court **shall** dismiss the case without prejudice.

(emphasis added).

[14]    Parents and DCS do not agree on the date that the CHINS adjudication was entered. Parents argue that October 17, 2025, triggered the thirty-day statutory deadline, which they contend expired on November 16, 2025. DCS argues that the "date of the Court's written adjudication order," October 30, 2025, controls,

placing the dispositional hearing on November 21, 2025, within the thirty-day period.[2] Appellee's Br. pp. 12-13.

[15] This Court has addressed a similar issue in *Matter of K.W.*, 178 N.E.3d 1199 (Ind. Ct. App. 2021). There, the trial court "orally noted that it was finding the Children to be CHINS and that an order would follow" at a January 29, 2021 hearing, but the trial court did not enter its written order finding the children to be CHINS until March 12, 2021, the same day as the dispositional hearing. *Id.* at 1205-06. Although the parties there did not dispute which date triggered the thirty-day period, we measured the period from January 29, 2021, the date of the oral finding. *Id.* at 1208-09. Our good cause analysis in *K.W.* was necessary only because the period ran from the oral finding; had the later written order controlled, the March 12, 2021 dispositional hearing would have been timely without any continuance. Similarly, here, the October 30, 2025 written order did not adjudicate the Children CHINS anew; it reflected the October 17, 2025 oral finding and identified the same November 14, 2025 dispositional setting announced in open court. The thirty-day period here, therefore, began on October 17, 2025.

---

[2] DCS concedes this point in its brief, acknowledging that the CCS here reflects the adjudication date of October 17, 2025, and stating: "[a]dmittedly, a court speaks through its chronological case summary." Appellee's Br. p. 12. Notwithstanding these concessions, DCS advances the date of the written order as an alternative ground for affirmance. Because the date on which the thirty-day period began is a threshold question that determines whether Indiana Code Section 31-34-19-1(b) was triggered, we address the issue.

[16] Next, we address whether Parents timely filed the motion to dismiss. Subsection (b)'s dismissal remedy is available "upon a filing of a motion with the court." I.C. § 31-34-19-1(b). In *Matter of Ar.B.*, 199 N.E.3d 1232 (Ind. Ct. App. 2022), we held that a parent waives a challenge to the timeliness of a dispositional hearing under Indiana Code Section 31-34-19-1 by failing to file a motion to dismiss before the dispositional hearing is held.[3] Here, Parents filed their joint motion to dismiss on November 18, 2025, after the thirty-day period expired and before the belated dispositional hearing. Parents, thus, did not waive their challenge, and their motion properly invoked Indiana Code Section 31-34-19-1(b).

[17] The language of subsection (b) is unambiguous: if the dispositional hearing is not completed within thirty days, dismissal, upon the filing of a motion, is mandatory, and the statute provides no exceptions. Our Supreme Court has recognized that "the General Assembly has made CHINS actions a priority by placing time constraints on these proceedings and has provided a mechanism for dismissal if the requirements are not met." *M.S.*, 140 N.E.3d at 283. In construing a similar deadline for CHINS fact-finding hearings, this Court has likewise held that "there is no longer any reason to believe that the General Assembly intends [the statute] to mean anything other than what its clear language indicates" and that "if we were to allow the deadline to be ignored

---

[3] Effective July 1, 2025, the General Assembly enacted Indiana Code Section 31-32-1-5, which provides that a procedural deadline set forth in Indiana Code Article 34 with regard to a CHINS proceeding "is not subject to waiver, whether affirmative or implied, by a party to the proceeding." I.C. § 31-32-1-5.

here, trial courts could habitually set these matters outside the time frame and there would be no consequence whatsoever." *Matter of J.R.*, 98 N.E.3d 652, 655 (Ind. Ct. App. 2018); *see also Matter of T.T.*, 110 N.E.3d 441, 443 (Ind. Ct. App. 2018); *J.S.*, 130 N.E.3d at 112.

[18] DCS relies principally upon *M.S.* and this Court's decision in *K.W.* That reliance is misplaced. In *M.S.*, our Supreme Court held that, because former Indiana Trial Rule 53.5 required a showing of good cause in order to obtain a continuance and because our trial rules trump statutes on matters of procedure, a trial court could grant a good cause continuance of a CHINS fact-finding hearing beyond the statutory deadline "without the risk of mandatory dismissal." *M.S.*, 140 N.E.3d at 284-85. In *K.W.*, we applied *M.S.* to the dispositional hearing deadline of Indiana Code Section 31-34-19-1 and affirmed the denial of a motion to dismiss where the trial court, at the time it set the dispositional hearing beyond the thirty-day period, expressly "[found] good cause to go outside the [thirty]-day disposition due to Covid, transfer of new systems and docket congestion." *K.W.*, 178 N.E.3d at 1209 (record citation omitted).

[19] This case is distinguishable from *M.S.* and *K.W.* First, both decisions rested upon Indiana Trial Rule 53.5, which our Supreme Court repealed effective January 1, 2025.[4] Second, and most importantly, no party requested a

[4] Indiana Trial Rule 7 now governs motions practice.

continuance here before the thirty-day deadline. The dispositional hearing simply did not occur because court staff failed to calendar it, and DCS's contention that the calendaring error would have supported a continuance, had one been sought, cannot retroactively supply a continuance that was never requested or granted. Given these circumstances, we conclude that the trial court abused its discretion by denying Parents' motion to dismiss.[5]

## Conclusion

[20] The trial court abused its discretion by denying Parents' joint motion to dismiss. Accordingly, we reverse and remand with instructions that the trial court dismiss the CHINS petitions without prejudice.

[21] Reversed and remanded.

Bradford, J., and Felix, J., concur.

ATTORNEY FOR APPELLANT-MOTHER
Danielle L. Gregory
Indianapolis, Indiana

ATTORNEY FOR APPELLANT-FATHER

---

[5] Dismissal under Indiana Code Section 31-34-19-1(b) is without prejudice and does not foreclose further protective action. DCS may file a new CHINS petition and, where a child's physical or mental condition would otherwise be seriously endangered, take the child into custody on an emergency basis and seek detention. *See* I.C. § 31-34-2-3 (emergency custody upon probable cause); I.C. § 31-34-5-1 (detention hearing within forty-eight hours). Because these tools remain available, dismissal does not leave the Children without protection.

Talisha R. Griffin
Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Katherine A. Cornelius
Deputy Attorney General
Indianapolis, Indiana


ATTORNEY FOR GUARDIAN AD LITEM

Katherine Meger Kelsey
Kids' Voice of Indiana
Indianapolis, Indiana